IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
SHELTON L. BURWELL,           )
                              )
               Petitioner,    )
                              )
          v.                  )     1:07CV512
                              )
JOSEPH HALL,                  )
                              )
               Respondent.    )
```

## MEMORANDUM OPINION AND ORDER

**Eliason, Magistrate Judge**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 4, 2000, in the Superior Court of Durham County, Petitioner was convicted by a jury of possession with intent to sell and deliver heroin and being a habitual felon in cases 98 CRS 38817 and 99 CRS 18396. He was then sentenced to 144 to 182 months of imprisonment.

Petitioner filed a direct appeal and, when the North Carolina Court of Appeals found no error, he sought discretionary review from the North Carolina Supreme Court. The North Carolina Supreme Court denied review and dismissed the appeal on August 16, 2001. State v. Burwell, 354 N.C. 70, 553 S.E.2d 202 (Aug. 16, 2001)(unpublished). Petitioner then sought no further direct or collateral review of his case until April 16, 2007 when he filed a motion for appropriate relief in the Superior Court of Durham County. When this was not successful, Petitioner filed his habeas petition, dated June 18, 2007, in the United States District Court for the Eastern District of North Carolina. That court transferred

the case to this Court. Respondent now seeks to have the petition dismissed.

## Discussion

Respondent requests dismissal on the ground that the petition was filed[1] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). The AEDPA amendments apply to petitions filed under § 2254 after April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997).

Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period ordinarily starts running from the date when the judgment of conviction became final at the end of direct review. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Finality has been construed to mean when a petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time to file such a petition. Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002); see United States v. Segers, 271 F.3d 181 (4th Cir. 2001)(federal conviction).

Here, Petitioner pursued his direct appeal to the North Carolina Supreme Court, but did not file a petition for certiorari with the United States Supreme Court. Therefore, his conviction

---

[1] A petition is filed by a prisoner when the petition is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

-2-

became final on November 14, 2001, ninety days after the North Carolina Supreme Court dismissed his appeal on August 16, 2001. U.S.S. Ct. R. 13(1). He then had one year, or until November 14, 2002, to file his habeas petition. Because he did not file a petition before that date, his time for doing so expired.

It is true that the one-year limitation period is tolled while state post-conviction proceedings are pending. Harris, supra. The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, Petitioner made no attempt at collateral relief until 2007, years after his AEDPA time limit had already expired. Filings made after the expiration of the one-year period do not revive it. Minter v. Beck, 230 F.3d 663 (4th Cir. 2000). Therefore, Petitioner's habeas petition remains time-barred.

Petitioner implores the Court to excuse his late filing due to the fact that he is a lay person with little legal knowledge. The Fourth Circuit, as well as a number of courts, have held that the one-year limitation period is subject to equitable tolling. Harris, supra; Sandvik, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when a petitioner has been unable to assert claims because of wrongful conduct of the state or its officers. A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's

control and the prisoner has been pursuing his rights diligently. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Harris, supra; Akins v. United States, 204 F.3d 1086 (11th Cir. 2000). Circumstances are beyond a prisoner's control if he has been prevented in some extraordinary way from exercising his rights. See Smith v. McGinnis, 208 F.3d 13 (2d Cir. 2000). On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling. Harris, supra; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling. Akins, 204 F.3d 1086.

Based on these cases, Petitioner is not entitled to equitable tolling due to his ignorance of the law. Also, waiting years to raise claims in state court and months to raise them in federal court shows lack of due diligence. Pace, supra. In order to show diligence, the prisoner must show diligence not merely at the federal level, but throughout the entire post-conviction process in order to have equitable tolling available to him. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). Petitioner's efforts are a far cry from those necessary to meet the diligence standard. He allowed more than five years to pass between the end of direct review and his next attempt at relief. Respondent's motion will be granted.

-4-

**IT IS THEREFORE ORDERED** that Respondent's motion to dismiss (Docket No. 3) is granted, the habeas petition (Docket No. 1) is denied, and this action is dismissed.

_____
**United States Magistrate Judge**

November 20, 2007